UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CLARA SOPHIE LOEFER, | ) | CR. 04-50043-01-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER APPOINTING COUNSEL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court pursuant to petitioner Clara Sophie Loefer's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Ms. Loefer is currently a federal prisoner at the Federal Medical Center, Carswell, in Fort Worth, Texas. The district court, Chief Judge Karen E. Schreier, referred this motion to this magistrate judge for a report and recommendation.

    Ms. Loefer was charged by indictment with, among other offenses, conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. She entered a plea of guilty to this offense without benefit of a plea agreement. A presentence report ("PSR") was prepared in which it was recommended in paragraph 11 of that report that Ms. Loefer's base offense level under the United States Sentencing Guidelines ("U.S.S.G.") be enhanced 3 points due to her leadership role in the conspiracy pursuant to

U.S.S.G. § 3B1.1(b). Ms. Loefer's counsel did not object to this enhancement and the district court sentenced her by applying the enhancement.[1]

Ms. Loefer then pursued a direct appeal to the Eighth Circuit, arguing that the district court relied upon erroneous facts about Ms. Loefer's leadership, recruitment, or involvement in the conspiracy in sentencing her. The Eighth Circuit noted that no objection to the PSR had been made by Ms. Loefer and for that reason refused to entertain Ms. Loefer's argument. The Eighth Circuit cited to United States v. Rouillard, 474 F.3d 551, 554 n.1 (8th Cir. 2007), in support of its conclusion that facts contained in the PSR which are not objected to are accepted as true.

In Ms. Loefer's current motion, she alleges that she was deprived of her right to effective assistance of counsel under the Sixth Amendment to the United States Constitution by, among other things, her lawyer's failure to object to the attribution of a leadership role to Ms. Loefer in the PSR. The government opposes this motion, speculating that the reason Ms. Loefer's lawyer failed to object was tactical, asserting that Ms. Loefer would have lost 3 points in the calculation of her sentencing range under the Guidelines for

---

[1] Although he did not file an objection to the enhancement, he did file a sentencing memorandum in which he argued that, while factually supported, the 3-point increase overstated Ms. Loefer's level of control in the conspiracy. See Docket 370, page 3.

acceptance of responsibility by objecting to the PSR, and that Ms. Loefer cannot show she was prejudiced by her lawyer's failure to object.

The court cannot agree that the facts clearly support the government's conclusions. The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. U.S. Const. amend. VI. The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " Strickland v. Washington, 466 U.S. 668, 698 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Strickland is the benchmark case for determining if counsel's assistance was so defective as to violate a criminal defendant's Sixth Amendment rights and require reversal of a conviction. Id. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. The defendant must also show that counsel's unreasonable errors or deficiencies prejudiced the defense and affected the judgment. Id. at 691. A petitioner must satisfy the following two-prong test. Id. at 687.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it

> cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id.

"There is a presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." Hall v. Luebbers, 296 F.3d 685, 692 (8th Cir. 2002). It is the petitioner's burden to overcome this presumption, and a "petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." Id. "Ineffective assistance of counsel is a mixed question of law and fact . . . " Whitehead v. Dormire, 340 F.3d 532, 537 (8th Cir. 2003).

The failure of Ms. Loefer's attorney to object may have been due to inadvertance, oversight, ignorance, or, as the government suggests, it may have been a tactical decision. Without an evidentiary hearing, any conclusion about the reasons for counsel's inaction would be speculation on the court's part.

Similarly, the court cannot agree with the government that Ms. Loefer cannot show prejudice. Ms. Loefer's adjusted offense level under the USSG was three points higher because of the PSR's attribution to her of a leadership role. Because of her counsel's failure to object, the district court accepted as true the facts set forth in the PSR and, again due to the failure to object, the Eighth Circuit refused to review the district court's decision.

Where an objection to a PSR, if it had been made and sustained, yields an identical sentencing range under the Guidelines, a petitioner under § 2255 cannot establish Strickland prejudice as a matter of law based on the petitioner's lawyer's failure to lodge the objection.  See Montanye v. United States, 77 F.3d 226, 230-231 (8th Cir. 1996) (where the petitioner was sentenced to 360 months incarceration, and the Guidelines range was 360 months to life under the PSR as written, but also the same range if the objection had been made and sustained, petitioner could not show prejudice).

However, where counsel failed to make objections to a PSR and it cannot be determined as a matter of law that those objections would not have affected the petitioner's sentence, a question of fact is created which necessitates an evidentiary hearing.  See West v. United States, 994 F.2d 510, 513 (8th Cir. 1993) (evidentiary hearing required on petitioner's § 2255 motion where petitioner alleged ineffective assistance of counsel for failure to object to PSR and it could not be conclusively determined from the record that the objections would have had no effect on the petitioner's sentence); United States v. Ford, 918 F.2d 1343, 1350 (8th Cir. 1990) (holding that defendant in direct appeal established ineffective assistance of counsel where counsel failed to object to the fact that the PSR did not give him credit for acceptance of responsibility and, had defendant received such credit, his sentencing range under the Guidelines would have been different).

Here, the court cannot conclude as a matter of law that Ms. Loefer is unable to establish prejudice. The court does not have Ms. Loefer's PSR. Without examining how her sentence was calculated under the USSG, it is impossible to know whether the sentence she actually received could have also been imposed had the objection she complains of been made and sustained. What is known is that, had Ms. Loefer's counsel objected to the PSR's assertion of her leadership role in the conspiracy, and had that objection been sustained, her adjusted offense level would have been different. Whether the actual sentence she received would have been any different is unknown to this court based on the record presented.

The court concludes that an evidentiary hearing is necessary to determine (1) whether Ms. Loefer's lawyer's failure to object to the PSR fell below the standard of care, and (2) whether, if the objection had been made and sustained, the actual sentence Ms. Loefer received, 87 months, would have been outside the Guidelines sentencing range. The court cannot conclude as a matter of law that there is no set of facts Ms. Loefer could prove that would show a "reasonable probability that, absent the errors, the factfinder would have" entered a different sentence. Strickland, 466 U.S. at 695.

A petitioner who seeks post-conviction relief such as Ms. Loefer has no general right to have a lawyer appointed to assist her at court expense because post-conviction proceedings are usually civil in nature. Reagan v. Norris, 279

F.3d 651, 656 (8th Cir. 2002); see also United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) (same).  However, the court *must* appoint counsel to represent a financially eligible petitioner if an evidentiary hearing is deemed necessary by the court.  Green v. United States, 262 F.3d 715, 716 (8th Cir. 2001); see also Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. § 2254.

The court concludes that resolution of Ms.Loefer's ineffective assistance of counsel claim will necessitate the holding of an evidentiary hearing.  The court further finds that Ms. Loefer is financially eligible for court-appointed counsel.  Accordingly, good cause appearing, it is hereby

ORDERED that the Federal Public Defender for the District of South Dakota, or one of his assistants, is hereby appointed to represent the petitioner in the above-entitled case.

Dated April 25, 2008.

        BY THE COURT:

        /s/ *Veronica L. Duffy*
        VERONICA L. DUFFY
        UNITED STATES MAGISTRATE JUDGE