UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CLARA SOPHIE LOEFER, | ) | CR. 04-50043-01-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

This matter is before the court pursuant to petitioner Clara Sophie Loefer's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Docket 422]. Ms. Loefer is currently a federal prisoner at the Federal Medical Center, Carswell, in Fort Worth, Texas. The district court, the honorable Karen E. Schreier, Chief Judge, referred this motion to this magistrate judge for a report and recommendation.

## FACTS

An evidentiary hearing on Ms. Loefer's motion was held on Thursday, July 17, 2008. Ms. Loefer and her attorney, William Delaney III, were present. The government was represented by Assistant United States Attorney Mark Vargo. One witness, David Dillon, testified. In addition, the parties stipulated to the court's taking judicial notice of the entire criminal file in this matter, including the presentence report ("PSR") prepared for Ms. Loefer's sentencing,

the opinion of the Eighth Circuit Court of Appeals rendered on Ms. Loefer's direct appeal, Mr. Dillon's sentencing memorandum, and the transcript of the sentencing hearing. From this evidence, the court finds the following facts.

Ms. Loefer was charged by indictment with, among other offenses, conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. She entered a plea of guilty to this offense without benefit of a plea agreement while being represented by someone other than Mr. Dillon. A PSR was prepared which recommended in paragraph 11 that Ms. Loefer's base offense level under the United States Sentencing Guidelines ("U.S.S.G.") be enhanced by three points due to her leadership role in the conspiracy pursuant to U.S.S.G. § 3B1.1(b).

Mr. Dillon first began representing Ms. Loefer in the underlying criminal matter after the PSR had been written, but before she had been sentenced. Mr. Dillon read the PSR and went over it with Ms. Loefer. In addition, Mr. Dillon read the discovery that the government had provided Ms. Loefer, independently investigated the case including interviewing several government witnesses himself, and discussed the case and his findings with Ms. Loefer.

The original PSR had fixed Ms. Loefer's base offense level at 32 based upon assertions as to drug quantities involved in the conspiracy. Based upon his independent investigation and interviews with cooperating government witnesses, Mr. Dillon approached the government and suggested that the drug

offense levels were overstated in the PSR.  Based on his work, Mr. Dillon was successful in obtaining a stipulation from the government that Ms. Loefer's base offense level should actually be 26 based on revised drug quantity figures.  The government stipulated to this base offense level at the sentencing hearing and the district court accepted this stipulation.

Based on his independent investigation into the facts, Mr. Dillon elected not to object to the leadership-role enhancement recommended in paragraph 11 of the PSR.  Although Mr. Dillon did not file an objection to the leadership role enhancement, he did file a sentencing memorandum in which he argued that the 3-point increase, while factually supported, overstated Ms. Loefer's level of control in the conspiracy.  See Docket 370, page 3.  At the evidentiary hearing in this matter, Mr. Dillon explained that the reason he did not object to the PSR's attributing a leadership-role enhancement to Ms. Loefer was tactical.

Mr. Dillon testified that he had reviewed the case law that had developed under USSG § 3B1.1(b) and found that courts had applied the three-level enhancement in cases that were factually similar to Ms. Loefer's case.  Also, based on his knowledge of the case, including his own independent investigation and interviewing of witnesses, discussions with Ms. Loefer, and reviewing the discovery provided to Ms. Loefer by the government, Mr. Dillon believed that the facts asserted in paragraph 11 of the PSR were accurate.  Therefore, Mr. Dillon did not attack the facts or object to the actual application

of § 3B1.1(b) to the calculation of Ms. Loefer's sentence. Rather, Mr. Dillon argued that the three-point enhancement of Ms. Loefer's base offense level through the application of § 3B1.1(b) overstated Ms. Loefer's role in this offense under the facts of this case.

At the sentencing hearing, the district court accepted the parties' stipulation to a base offense level of 26. The court then applied the three-point leadership-role enhancement to Ms. Loefer's base offense level as suggested in the PSR. Ms. Loefer was also given credit for acceptance of responsibility, for which her offense level was reduced three points. Thus, Ms. Loefer's final adjusted offense level as found by the district court was 26. Ms. Loefer's criminal history category was III. An offense level of 26 and a criminal history category of III yielded a sentencing range under the U.S.S.G. of 78 to 97 months' imprisonment. The charge to which Ms. Loefer pleaded guilty carried a mandatory minimum sentence of imprisonment of 60 months. The district court imposed a sentence of 87 months' imprisonment, followed by four years of supervised release.

Ms. Loefer then pursued a direct appeal to the Eighth Circuit, arguing that the district court relied upon erroneous facts about Ms. Loefer's leadership, recruitment, or involvement in the conspiracy in sentencing her. The Eighth Circuit noted that no objection to the PSR had been made by Ms. Loefer and for that reason refused to entertain Ms. Loefer's argument. The

Eighth Circuit cited to United States v. Rouillard, 474 F.3d 551, 554 n.1 (8th Cir. 2007), in support of its conclusion that facts contained in the PSR which are not objected to are accepted as true.

In Ms. Loefer's current motion, she alleges that she was deprived of her right to effective assistance of counsel under the Sixth Amendment to the United States Constitution by Mr. Dillon's failure to object to the attribution of a leadership role to Ms. Loefer in paragraph 11 of the PSR.[1] The government opposes this motion, arguing that the reason Mr. Dillon failed to object was tactical, that Ms. Loefer would have lost three points in the calculation of her sentencing range under the U.S.S.G. for acceptance of responsibility by objecting to the PSR, and that Ms. Loefer cannot show she was prejudiced by Mr. Dillon's failure to object.

## DISCUSSION

**A.  Legal Standard Applicable to Ineffective Assistance Claims**

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. U.S. Const. amend. VI. The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " Strickland v. Washington, 466 U.S. 668, 698

---

[1] Ms. Loefer raised other issues in her § 2255 petition. At the evidentiary hearing in this matter, however, she orally amended her petition to assert only the issue pertaining to Mr. Dillon's failure to object to the leadership-role enhancement. The court granted Ms. Loefer's oral motion to dismiss the remaining contentions set forth in her § 2255 petition.

(1984) (citing McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Strickland is the benchmark case for determining if counsel's assistance was so defective as to violate a criminal defendant's Sixth Amendment rights and require reversal of a conviction. Id. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. The defendant must also show that counsel's unreasonable errors or deficiencies prejudiced the defense and affected the judgment. Id. at 691. The defendant must show, "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. In sum, a defendant must satisfy the following two-prong test. Id. at 687.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id.

"There is a presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all

significant decisions in the exercise of professional judgment." Hall v. Luebbers, 296 F.3d 685, 692 (8th Cir. 2002). It is the petitioner's burden to overcome this presumption, and a "petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." Id. Judicial scrutiny of attorney performance is highly deferential, with a strong presumption that counsel's conduct falls within the range of reasonable professional conduct. Strickland, 466 U.S. at 698.

## B. Application of Strickland Standard to Ms. Loefer's Claim

### 1. Prejudice

Where an objection to a PSR, if it had been made and sustained, yields an identical sentencing range under the Guidelines, a petitioner under § 2255 cannot establish Strickland prejudice as a matter of law based on the petitioner's lawyer's failure to lodge the objection. See Montanye v. United States, 77 F.3d 226, 230-231 (8th Cir. 1996) (where the petitioner was sentenced to 360 months incarceration, and the Guidelines range was 360 months to life under the PSR as written, but also the same range if the objection had been made and sustained, petitioner could not show prejudice).

However, where counsel failed to make objections to a PSR and it cannot be determined as a matter of law that those objections would not have affected the petitioner's sentence, a question of fact is created which necessitates an evidentiary hearing. See West v. United States, 994 F.2d 510, 513 (8th Cir.

1993) (evidentiary hearing required on petitioner's § 2255 motion where petitioner alleged ineffective assistance of counsel for failure to object to PSR and it could not be conclusively determined from the record that the objections would have had no effect on the petitioner's sentence); United States v. Ford, 918 F.2d 1343, 1350 (8th Cir. 1990) (holding that defendant in direct appeal established ineffective assistance of counsel where counsel failed to object to the fact that the PSR did not give him credit for acceptance of responsibility and, had defendant received such credit, his sentencing range under the Guidelines would have been different).

 Here, had Mr. Dillon objected to the leadership-role enhancement and had that objection been sustained, Ms. Loefer's adjusted offense level would have been 23.  An offense level of 23 and a criminal history category of III yield a sentencing range under the U.S.S.G. of 57-71 months.  Thus, if Ms. Loefer can show that Mr. Dillon's failure to object to the PSR was an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," she can establish the prejudice prong of Strickland because the sentence she received–87 months–was outside of the possible sentencing range set forth by the U.S.S.G. using an offense level of 23.  Instead, the maximum sentence Ms. Loefer could have received using an adjusted offense level of 23 would have been 71 months.  The court therefore turns to the issue of whether Mr. Dillon's failure to object to paragraph 11 of

the PSR was such deficient performance that Ms. Loefer was deprived of effective assistance of counsel.[2]

### 2. Deficient Performance

The court concludes that Mr. Dillon made no error in failing to object to the leadership-role enhancement set forth in paragraph 11 of the PSR, let alone such a serious error that he was not functioning as Sixth Amendment counsel. Mr. Dillon conducted a more-than-reasonable, very thorough investigation in this case. Based on Mr. Dillon's investigation, the facts asserted in the PSR in support of the leadership-role enhancement were not subject to dispute. Mr. Dillon, for very sound tactical reasons, determined that it would not be in Ms. Loefer's best interests to dispute these facts because the result of such a dispute would be that the government would have produced live witnesses at the sentencing hearing to testify about Ms. Loefer's leadership role in this conspiracy. Mr. Dillon had every reason to believe that those live witnesses would testify to facts as bad, or worse, than those recounted in the PSR.

Furthermore, Mr. Dillon conducted legal research and discovered that the enhancement was not subject to attack as a matter of law, either. Instead, Mr. Dillon took the next-best approach to an outright legal or factual challenge,

---

[2]The court rejects as speculative the government's assertion that, had Mr. Dillon objected to paragraph 11 of the PSR, Ms. Loefer would have lost the three-point downward adjustment for acceptance of responsibility and would have still had an adjusted offense level of 26. No evidence was introduced at the hearing to support this assertion.

either of which would most certainly have been lost. Instead of arguing that the enhancement did not apply at all, he argued that *the degree* to which Ms. Loefer's base offense level was being enhanced (three points) was not warranted by the facts. This was a principled approach based on sound strategy, because it was the only approach to the leadership-role enhancement that was not clearly defeated by the law or the facts and which had the potential to help Ms. Loefer. Trial decisions of counsel made for strategic reasons are "virtually unchallengeable" in actions for habeas relief. Strickland, 466 U.S. at 690. Where a strategic decision is based on counsel's evaluation that more harm than good would come from pursuing a particular approach, it is not constitutionally deficient. Hall, 296 F.3d at 694.

## CONCLUSION

Based on the foregoing discussion, the court recommends that Ms. Loefer's motion to vacate, set aside, or correct her sentence [Docket 422] be denied in its entirety.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the

district court. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    Dated October 1, 2008.

                      BY THE COURT:

                      /s/ *Veronica L. Duffy*
                      VERONICA L. DUFFY
                      UNITED STATES MAGISTRATE JUDGE