UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| CLARA SOPHIE LOEFER, | ) | CR. 04-50043-01-KES |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING REPORT |
| vs. | ) | AND RECOMMENDATIONS AND |
| | ) | DENYING MOTION TO |
| UNITED STATES OF AMERICA, | ) | CORRECT SENTENCE |
| | ) | |
| Respondent. | ) | |

Petitioner filed a motion under 28 U.S.C. § 2255 to correct her sentence. Docket 422. Upon referral to Magistrate Judge Veronica L. Duffy, an evidentiary hearing was held on Petitioner's claims of ineffective assistance of counsel. Magistrate Judge Duffy then filed a report and recommendation, recommending that the court deny Petitioner's motion to vacate, set aside, or correct her sentence. Docket 457. Petitioner filed objections to the magistrate judge's report. Docket 458. For the reasons stated below, the court adopts the magistrate judge's report and recommendations in their entirety and denies Petitioner's motion to correct her sentence.

**BACKGROUND**

Petitioner claims that the assistance of her attorney at sentencing, David Dillon, was constitutionally deficient because of his failure to file objections to paragraphs in the presentence investigation report (PSR) which described her conduct as a supervisor and manager of the drug conspiracy and which imposed a three-level enhancement based on USSG § 3B1.1(b). Docket 422, 455.

Petitioner states that Mr. Dillon should have objected to paragraphs 11 and 27 of the PSR which discussed the facts related to Petitioner's conduct as a supervisor or manager in the conspiracy, and that his failure to do so resulted in a higher sentence than if he had filed an objection.

At the evidentiary hearing on Petitioner's motion, Mr. Dillon testified that he did not object to Paragraphs 11 and 27 because his investigation indicated that the facts in Paragraph 11 were accurate, and that under prevailing caselaw Petitioner's conduct qualified her for the three-level enhancement for her role in the offense. Docket 451 at 17-18, 24, 26-27. Instead, his tactic was to argue that, despite the presence of these facts, a three-level enhancement overrepresented her role in the offense, and to ensure that the court's sentence was based on an accurate understanding of the facts. Id. at 17-18, 26-27. Mr. Dillon also testified that he was concerned that a formal objection to Paragraph 11 would diminish his credibility with the court and would result in testimony from Petitioner's coconspirators. He believed it would be risky for the court to hear the testimony from the co-conspirators and that their testimony would likely confirm the contents of Paragraph 11. Id. at 23-24. For these reasons, Petitioner stated, he did not object to Paragraphs 11 or 27.

In her report and recommendations, the magistrate judge found that Mr. Dillon "made no error in failing to object to the leadership-role enhancement set forth in paragraph 11 of the PSR, let alone such a serious error that he was not functioning as Sixth Amendment counsel." Docket 457 at 9. She noted the

factual investigation and legal research conducted by Mr. Dillon prior to his decisions to avoid a direct challenge to the application of the sentencing enhancement and to argue that the enhancement overestimated Petitioner's role in the offense.  Id. at 9-10.  Concluding that Mr. Dillon's conduct was "a principled approach based on sound trial strategy," the magistrate judge recommended that Petitioner's motion to correct her sentence be denied in its entirety.  Id.

## STANDARD OF REVIEW

The court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also United States v. Lothridge, 324 F.3d 599 (8th Cir. 2003); Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995).  28 U.S.C. § 636(b)(1) requires that when a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.; see also Fed. R. Civ. P. 72(b).

## DISCUSSION

Petitioner filed objections to the magistrate judge's report and recommendations, restating her arguments made at the evidentiary hearing and in her post-hearing memorandum.  Docket 458 (objections); Docket 455 (post hearing memorandum).  The court requested that Petitioner specify the particular

3

page and paragraph numbers of the magistrate judge's report to which Petitioner objected. Docket 459. Petitioner has complied with this request. Docket 460.

**1.    Statement That Failure to Object Was Tactical**

Petitioner objects to the magistrate judge's statement that Mr. Dillon's decision to not object to Paragraph 11 of the PSR was "tactical." Docket 460 at 1. Instead, petitioner argues that Mr. Dillon just responded affirmatively when the government asked him whether his decision not to object was "essentially the tactical decision which you made." Docket 451 at 26-27.

The court has conducted a de novo review of the record and has considered Petitioner's arguments, and it adopts the magistrate judge's conclusion that Mr. Dillon made a tactical decision in choosing not to object to Paragraph 11. Mr. Dillon's testified that his decision regarding Paragraph 11 was "tactical." Id. Additionally, other testimony from Mr. Dillon supports the conclusion that his decision was tactical and strategic. He stated that his investigation of the facts of Petitioner's involvement in the offense supported the information in Paragraph 11, and that his legal research led him to believe that application of the three-level enhancement was affirmed in cases with similar facts. Id. at 23-24, 17. Furthermore, this court heard the testimony of many of the co-conspirators during the trial of other co-conspirators and agrees with Mr. Dillon's conclusion that the co-conspirator testimony describing petitioner's involvement in the offense supported the information in Paragraph 11. All of these support a finding

that Mr. Dillon's decision regarding his treatment of Petitioner's role in the offense was indeed "tactical." Petitioner's objection is overruled.

2. **Mr. Dillon's Rationale for Not Objecting to the Enhancement**

Petitioner objects to the magistrate judge's conclusions regarding Mr. Dillon's rationale for failing to object to Paragraph 11. Docket 457 at 3-4. Asserting that "Mr. Dillon's rationale for not objecting to the U.S.S.G. § 3B1.1(b) enhancement was both inconsistent and contradictory," Petitioner objects to the magistrate judge's description of the facts related to Mr. Dillon's decision about the three-level enhancement. Docket 460 at 2.

After a de novo review of the record in this case and Petitioner's arguments, the court overrules Petitioner's objections. The record in this case clearly supports the conclusion made by the magistrate judge about the facts known to Mr. Dillon at the time of sentencing. After reviewing the transcript of the evidentiary hearing, the court agrees with the magistrate judge that Mr. Dillon's approach to the sentencing enhancement was not "inconsistent and contradictory" but was based on his understanding of the facts and the law at the time and was therefore a strategic decision in light of all of the circumstances.

3. **Counsel's Conduct Was Not Deficient**

Petitioner also objects to the factual statements and legal conclusions on page 9-10 of the magistrate judge's report that Mr. Dillon's legal counsel was not constitutionally deficient. Docket 460 at 2; Docket 458 at 6-8. Petitioner argues that Mr. Dillon's decision should not be given deference as it was not the result of

5

reasoned judgment, but instead was due to inexcusable neglect and a lack of diligence.  Docket 458 at 7.

After a de novo review of the record in this case, the report and recommendations, Petitioner's arguments, and relevant caselaw, the Court adopts the magistrate judge's recommendation and overrules Petitioner's objections.  The court disagrees with Petitioner's argument that no sufficient rationale was presented at the evidentiary hearing regarding Mr. Dillon's decisions not to object to Paragraph 11 or to application of the three-level sentencing enhancement.  To the contrary, Mr. Dillon credibly explained his strategic decision regarding Paragraph 11, stating that he believed that if he filed an objection, that the government would successfully prove up the contents of that paragraph through the testimony of co-conspirators.  Docket 451 at 23.  He also stated that he did not want to diminish his credibility with the court by making an objection which he believed was not merited by the facts.  Id.  Finally, he stated that his investigation of related caselaw and the guidelines demonstrated that courts had applied the three-level enhancement to similar facts.  Id. at 17-18.  In this way, Mr. Dillon provided a reasonable explanation for his decision to argue instead that a three-level enhancement in this case overstated Petitioner's role in the offense, even though the court inevitably did not adopt his argument.  Such a tactical decision is not deficient or objectively unreasonable under prevailing professional norms.  Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Hall v. Luebbers, 296 F.3d 685, 694 (8th Cir. 2002) (stating that "a

strategic decision based on an evaluation that more harm than benefit" would result is not ineffective assistance of counsel). Nor does the court believe that such conduct constitutes "inattention or neglect," as Petitioner argues. Docket 458 at 7 (citing Marcrum v. Luebbers, 509 F.3d 489, 502 (8th Cir. 2007)). Petitioner's objection is overruled, and the court adopts the magistrate judge's conclusion that trial counsel was not constitutionally deficient.

For the reasons stated above, the court overrules all of Petitioner's objections to the magistrate judge's report and recommendations and adopts the recommendations in their entirety. Therefore, it is hereby

ORDERED that the court adopts in full the Report and Recommendation of the Magistrate Judge (Docket 457) as supplemented herein and, therefore, defendant's motion to vacate, set aside, or correct her sentence (Docket 422) is denied.

Dated February 17, 2009.

                            BY THE COURT:

                            /s/ *Karen E. Schreier*
                            KAREN E. SCHREIER
                            CHIEF JUDGE